UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:08-CR-00084-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| MARTIN DELACRUZ, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Martin Delacruz's ("Delacruz") Motion for a *Nunc Pro Tunc* Sentencing Entry, or in the alternative, Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.  Doc. #63.[1]  The United States filed a Response (Doc. #64), to which Delacruz replied (Doc. #65).  Delacruz also filed a "Supplement" to his Motion.  Doc. #66.

**I.      Factual Background**

On December 18, 2009, the Court sentenced Delacruz to 144 months imprisonment, to be followed by five (5) years of supervised release for one (1) count of Distribution of and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1).  Doc. #44.  Judgment of conviction was also entered on December 18, 2009.  Doc. #46. At the time of sentencing, Delacruz had another criminal matter pending before the Second Judicial

---

[1] Refers to the Court's docket number.

District Court of the State of Nevada in and for the County of Washoe for Unlawful Sale of a Controlled Substance in violation of Nevada Revised Statute 453.321.  Doc. #63, Ex. A; Case No. CR09-2371.  On February 18, 2010, judgment of conviction was entered as to that charge and Delacruz was sentenced to imprisonment for 28 to 72 months imprisonment "to run concurrently with the Federal sentence [Delacruz] is serving in 3:08-CR-00084-LRH-RAM."  *Id.*

On July 31, 2013, Delacruz, acting *pro se*, filed the present Motion for a *Nunc Pro Tunc* Sentencing Entry before the Court.  Doc. #63.  The United States filed a Response on August 2, 2013.  Doc. #64.  On August 15, 2013, Delacruz filed a Reply indicating that the aforementioned Motion shall be construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.  Doc. #65.  On August 19, 2013, Delacruz filed a "Supplement" to his Motion.  Doc. #66.

**II.  Discussion**

    **A.**    *Nunc Pro Tunc* **Sentencing Entry**

Delacruz contends that the Court has authority to impose a *nunc pro tunc* sentencing order requiring that his State court sentence of 30 months imprisonment run concurrently to his 144 months imprisonment in the present case.  *See* Doc. #63, p. 3.  However, as the United States correctly avers, the Court now lacks jurisdiction to modify Delacruz's sentence.  18 U.S.C. § 3582(c) provides, in relevant part, that "[t]he court may not modify a term of imprisonment once it has been imposed . . . ."  Moreover, none of the enumerated exceptions set forth in section 3582(c) are applicable to this case.  *See* 18 U.S.C. § 3582(c) (providing that modifications are permissible upon motion of the Director of the Bureau of Prisons and consideration of the section 3553(a) factors, where expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and where a sentencing range was subsequently lowered by the Sentencing Commission); *see also United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996), *cert. denied*, 520 U.S. 1180 (1997) ("18 U.S.C. § 3582 . . . specifically provides that a district court may not modify a term of imprisonment without specific authority").

2

Rule 35 of the Federal Rules of Criminal Procedure allows for the correction or reduction of a sentence or judgment and "is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (internal citation and quotation marks omitted). Rule 35(a) permits corrections to a sentence "that resulted from arithmetical, technical, or other clear error." Rule 35(b) allows for a reduction of a sentence for substantial assistance. Neither of these sections is applicable to the present case. Rule 36 of the Federal Rules of Criminal Procedure is similarly inapplicable as it only allows for corrections to a clerical error in a judgment. *See Penna*, 319 F.3d at 513 ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing) (emphasis in original). In the absence of specific authority to modify Delacruz's term of imprisonment, Delacruz's Motion shall be denied for want of jurisdiction.

**B.    28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

As a preliminary matter, the Court finds that Delacruz's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 is untimely. Section 2255(f) requires, in relevant part, that motions be filed within one year of "(1) the date on which the judgment of conviction becomes final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Here, Delacruz concedes that he did not file his Motion within the required timeframe. *See* Doc. #65, p. 4. Nevertheless, he contends that he did not waive the issue of receiving credit for time served on his State sentence because he contacted the Court immediately and on numerous

3

occasions upon learning that his State and Federal sentences were not being served concurrently. *See id.* The Court disagrees. Delacruz did not raise the issue of ineffective assistance of counsel—the only ground on which he properly requests relief—until he filed the present Motion before the Court on July 31, 2013. Accordingly, the Court shall deny Delacruz's Motion as untimely.

Additionally, the Court finds that Delacruz's contention that he was denied effective assistance of counsel when the Court was not made aware of the pending charges in State court is without merit. *See* Doc. #65, pp. 2-4. The record squarely reflects that the Court was indeed aware of the pending charges in State court at the time of sentencing. *See* Transcript of Imposition of Sentence, 2:23-3:4 ("because there's a pending state case, in which the state has custody of Mr. Delacruz, that is part of the issue in terms of trying to resolve a case in which we have to wait for the state to release jurisdiction of Mr. Delacruz to us upon completion of their state case before the subsequent federal case can be brought against Mr. Delacruz"). Accordingly, Delacruz's Motion shall be denied on the merits as well.

IT IS THEREFORE ORDERED that Delacruz's Motion for a *Nunc Pro Tunc* Sentencing Entry, or in the alternative, Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. #63) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4